**Anthony Lionel GIBSON, Plaintiff–Appellant,**

v.

**State of TEXAS; Dallas County Texas, Bill Long, Clerk; John Vance, District Attorney; Mark Nancarrow, Judge; Fred McDaniel, Magistrate Judge; Josie Massar, Court Reporter; Bailiff Court # 204; Kati Drew; C. Leroy Johnson; Bruce Anton, Defendants–Appellees.**

No. 05–11459
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 7, 2007.

Anthony Lionel Gibson, Dallas, TX, pro se.

Julia Hamill Murray, Office of the Attorney General, Law Enforcement Defense

Div., Austin, TX, District Attorney's Office for the County of Dallas, Dolena Tutt Westergard, District Attorney's Office for the County of Dallas, Charles L. Perry, Andrews & Kurth, Bruce Edward Anton, Sorrels, Udashen & Anton, Dallas, TX, for Defendants–Appellees.

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM: *

Anthony Lionel Gibson, former Texas prisoner # 695684, appeals from the dismissal of his 42 U.S.C. § 1983 suit, in which he sued numerous defendants connected with his state court conviction and subsequent state habeas proceedings. The district court dismissed the complaint without prejudice for failure to state a claim because the claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Gibson argues that the district court erroneously applied the *Heck*-bar. The thrust of Gibson's claims is that the defendants conspired and falsified documents in his state habeas proceedings because they knew his incarceration was illegal, thereby depriving him of his liberty. Gibson's claims challenged the validity of his incarceration, and the district court did not err. *See Heck*, 512 U.S. at 486–87, 114 S.Ct. 2364.

Gibson has also filed a motion to compel the court reporter to produce a transcript

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a hearing on his motion for discovery. That motion is denied.

AFFIRMED; MOTION DENIED.